UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
New Albany Division

BILLY JOE ELLIS
8660 S. CR 1000W
Crothersville, Indiana 47229

    Plaintiff

v.

SEYMOUR POLICE DEPARTMENT
205 North Ewing Street
Seymour, Indiana 47274

JOSHUA DANIEL
205 North Ewing Street
Seymour, Indiana 47274

CITY OF SEYMOUR
301-309 North Chestnut Street
Seymour, Indiana 47274

    Defendants

FILED
NOV - 8 2022
U.S. DISTRICT COURT
NEW ALBANY, INDIANA

Claim No.:

4:22-cv-142 TWP KMB

## COMPLAINT AND REQUEST FOR TRIAL BY JURY

Now into Court comes Plaintiff, Billy Joe Ellis, through undersigned counsel and files this Complaint and Request for Trial by Jury against the Defendants, and alleges as follows:

### I. NATURE OF THE ACTION

Mr. Ellis brings this action in order to recover damages based upon:

a. Deprivation of rights protected under 42 U.S.C. § 1983, specifically violations of Mr. Ellis's rights guaranteed under the Fourth Amendment, extended and guaranteed to him under the Fourteenth Amendment, and supplemental State tort claims.

b. Mr. Ellis seeks damages, declaratory judgment, costs and attorney's fees associated with bringing this suit, as well as punitive damages, incurred as a proximate result of the Defendants' actions.

## II.   JURISDICTION AND VENUE

1. This suit is brought, and jurisdiction lies pursuant to 28 U.S.C. §§1331, 1343 and 2201. This suit is a legal action for damages pursuant to 42 U.S.C. §1983 and supplemental State tort claims.

2. This Court has jurisdiction over the Supplemental State claims set out herein pursuant to 28 U.S.C. §1367.

3. All Defendants reside, may be found, or transact business within the Southern District of Indiana.

4. This Court has personal jurisdiction over the Defendants, who at all times relevant conducted business in Jackson County, Indiana.

5. Venue is appropriate in this Court because of the proximity of this Court to Jackson County, Indiana.

## III.   PARTIES

6. Plaintiff, Billy Joe Ellis, ("Mr. Ellis"), is a person of the full age of majority and at all times relevant was a resident of Crothersville Indiana.

7. Defendant, City of Seymour, ("Defendant City"), is a municipal corporation for the local government of Seymour, IN and operates and governs the Seymour Police Department pursuant to the laws of Seymour. In this case, Defendant City acted through its agents, employees and servants, including Officer Daniel.

8. Defendant Seymour Police Department, ("Defendant SPD"), is a municipal agency and at all times is responsible for conducting criminal investigations in Seymour, Jackson County Indiana.

9. Defendant Joshua Daniel, ("Defendant Daniel"), was at all times relevant a police officer with the Seymour Police Department.

## IV. FACTS

10. On November 14, 2020, Mr. Ellis was the passenger in a vehicle that was pulled over by Seymour Police Officer Crystal Schapson. During the stop Defendant Daniel arrived on the scene.

11. Upon Defendant Daniel's arriving at the scene, he immediately pulled his weapon and ordered Mr. Ellis from the vehicle at gun point. At the time Mr. Ellis was a passenger and evidencing no signs of aggression.

12. Prior to being advised that he was under arrest, Defendant Daniel roughly placed Mr. Ellis in cuffs and became more abusive cursing at him.

13. Mr. Ellis became concerned for his safety and made several quick steps trying to avoid Defendant Daniel's dangerous behavior, all the while being handcuffed.

14. Officer Schapson was behind Mr. Ellis when Defendant Daniel rounded the vehicle, picked Mr. Ellis up and slammed him to the ground on his right shoulder. The force of the impact broke Mr. Ellis' clavicle.

15. On July 8, 2020, Mr. Ellis was involved in a high-speed chase in which he outran Defendant Daniel. Mr. Ellis has served his time on that matter.

16. Defendant Daniel pinned Mr. Ellis under his knee and continued to curse him and say, "you didn't get away from me this time did you motherfucker!" He continued to pin down Mr. Ellis and berate him about the "police chase" which took place on July 8, 2020.

17. An ambulance was called to the scene and Mr. Ellis was transported to Schenieck Medical

Center in Seymour, Indiana. Medical professionals had to wait twenty-five (25) minutes before Defendant Daniel agreed to take off one handcuff for the staff to x-ray Mr. Ellis' shoulder. Following the x-ray and confirmation that the clavicle was broken, Mr. Ellis was taken to and booked into the Jackson County Jail.

18. The bone failed to heal through the conventional treatment of immobilization. On March 29, 2021, Mr. Ellis, diagnosed with a "nonunion with pseudarthrosis, right distal clavicle fracture," and underwent surgery in the form of an "open reduction, grafting and internal fixation" to repair the damage.

## V. CAUSES OF ACTION

### Causes of Action I through II
### Violations of 42 U.S.C. §1983

Mr. Ellis re-asserts, re-alleges, and incorporates by reference the statements contained in paragraphs 1 through 18 this Complaint, as if those statements were fully articulated within this cause of action.

19. Pursuant to 42 U.S.C. §1983, persons deprived of federal constitutional rights may bring a private action for damages against individual officers and units of local government.

20. In order to prove a claim under 42 U.S.C. §1983, a plaintiff must demonstrate that:

    a. the defendant deprived him of a right secured by the Constitution or any law of the United States, and

    b. the deprivation of that right resulted from the defendant acting under color of law.

21. At all times relevant to this action, all Defendants and/or their agents, employees and servants were acting under the color of law under their authority, and under color of the statutes, ordinances, regulations, policies, customs, and their acts and/or omissions were conducted within the scope of both their official and personal capacities.

22. At all times relevant, Mr. Ellis had the following clearly established constitutional rights:

    a. the right to be secure in his person from unreasonable seizure through excessive force, under the Fourth and Fourteenth Amendments, and

    b. the right to bodily integrity and to be free from cruel and unusual punishment and excessive force by law enforcement under the Fifth, Eighth and Fourteenth Amendments.

23. Any reasonable law enforcement officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at the time.

24. Defendants are not entitled to qualified immunity for the complained of conduct.

### Cause of Action I
### Violations of 42 U.S.C. §1983 Deliberately Indifferent Policies, Practices, Customs, Training, and Supervision in violation of the Fourth and Fourteenth
### As to Defendants City and Seymour Police Department

Mr. Ellis re-asserts, re-alleges, and incorporates by reference the statements contained in paragraphs 1 through 24 this Complaint, as if those statements were fully articulated within this cause of action.

25. At the time of the complained conduct, Defendants City and SPD, through its agents, employees and servants, SPD and Defendant Daniel knew or should have known of the rights set forth in paragraph 22 above, as they were clearly established.

26. Defendants City and SPD, through their agents, employees and servants, were, at all times relevant, the final policymaker for the SPD, and in that capacity developed, promulgated, implemented and maintained General Orders, policies, procedures, customs, and/or practices for the SPD.

27. Defendants City and SPD, by and through their agents, employees and servants, developed, promulgated, implemented and maintained General Orders, policies, procedures, customs, and/or practices exhibiting deliberate indifference to the constitutional rights of citizens,

which were moving forces behind and proximately caused the violations of Mr. Ellis' constitutional and federal rights as set forth herein. These violations resulted from a conscious and/or deliberate choice to follow a course of action from among various available alternatives.

28. Defendants City and SPD, by and through their agent, employee and servant, Defendant Daniel, acted with objective unreasonableness and deliberate indifference to Mr. Ellis' constitutional rights when he followed expressed policies, enforced by Defendants City and SPD which caused a constitutional deprivation of his rights.

29. Defendants City and SPD, by and through their agent, employee and servant, Defendant Daniel, were objectively unreasonable and deliberately indifferent to Mr. Ellis' constitutional rights when he followed policies and/or procedures that were not best practices, or in the alternative, was objectively unreasonable and deliberately indifferent by his failure to follow best practice policies and/or procedures promulgated by Defendants City and SPD and implemented by Defendant SPD specifically establishing a duty to exercise reasonable care to preserve the life, health and safety of a person in the care, custody and control of SPD.

30. Defendants City and SPD are properly sued directly under 42 U.S.C. §1983 due to the actions and/or inactions of their agents, employees and servants acting in their official capacities, which violated Mr. Ellis' Fourth and Fourteenth Amendment rights to be secure in his body integrity, free from unreasonable seizure through excessive force and cruel and unusual punishment by law enforcement by their failure or refusal to promulgate, implement, maintain and enforce sufficient policies, procedures and/or training in the use of force when engaging with arrestees in their care, custody and control.

31. Defendants City and SPD are properly sued under 42 U.S.C. §1983 for the deliberately indifferent unconstitutional decisions, policies, practices, habits, customs, usages, training and/or derelict supervision, ratification, acquiescence and/or intentional failures of its agents, employees and servants which were moving forces in and directly resulted in the complained of constitutional and statutory violations and resulting injuries to arrestees and particularly to Mr. Ellis.

32. Defendant SPD, by and through its agents, employees and servants, developed and/or maintained policies, procedures, customs, and/or widespread practices exhibiting deliberate indifference to the constitutional rights of citizens, which were not best practices and moving forces behind and proximately caused the violations of Mr. Ellis' constitutional rights as set forth herein. These violations resulted from a conscious and/or deliberate choice to follow a course of action from among various available alternatives.

33. Defendants SPD has created and tolerated an atmosphere of lawlessness, and has developed and maintained longstanding, department-wide customs, law enforcement related policies, procedures, customs, practices, and/or failed to properly train and/or supervise its officers in a manner amounting to deliberate indifference and/or objective unreasonableness to the constitutional rights of Mr. Ellis and of the public.

34. Defendants City and SPD, by and through their agents, employees and servants, as final policy makers, provided objectively unreasonable and deliberately indifferent training and/or policies to Defendant Daniel which led to the constitutional violation of Mr. Ellis' rights.

35. Defendants City and SPD's actions and/or inactions were a moving force in and had a direct causal link to the injuries sustained by Mr. Ellis at the hands of Defendant Daniel.

36. The acts and/or omissions of Defendants City and SPD, by and through their agent, employee and servant, Defendant Daniel, as described herein, intentionally deprived Mr. Ellis of his constitutional and statutory rights and caused him other damages.

37. Defendants City and SPD's agent, employee and servant, Defendant Daniel, engaged in shocking actions and/or inactions, as described herein, which were willfully malicious and/or reckless, and deliberately indifferent to Mr. Ellis' federally protected constitutional rights.

38. As a direct result of Defendants City and SPD's unlawful conduct, by and through its agents, employee and servant, Defendant Daniel, Mr. Ellis has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages.

39. Mr. Ellis has, and will continue to suffer in the future, lost earnings and impaired earnings capacity. Mr. Ellis is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

40. In addition to compensatory, economic, consequential and special damages, Mr. Ellis is entitled to punitive damages against each of the individually named Defendants pursuant to 42 U.S.C. § 1983.

41. The Defendants to this claim at all times relevant hereto were acting under the color of state law.

42. Defendants are not entitled to qualified immunity for the complained of conduct.

### Cause of Action II
### Violations of 42 U.S.C. §1983
### As to Defendant Officer Joshua Daniel

Mr. Ellis re-asserts, re-alleges, and incorporates by reference the statements contained in

paragraphs 1 through 42 this Complaint, as if those statements were fully articulated within this cause of action.

43. At the time of the complained conduct, Defendant Daniel knew or should have known of the rights set forth in paragraph 22 above, as they were clearly established.

44. At all times relevant to this action, Defendant Daniel was acting under the color of the law under his authority as an officer of Defendant SPD, and under color of the statutes, ordinances, regulations, policies, customs and usage of Defendant City and the State of Indiana.

45. Defendant Daniel, in his official and personal capacities, acted with deliberate indifference and objective unreasonableness to Mr. Ellis's constitutional rights.

46. Defendant Daniel's actions and use of force, as described herein, was objectively unreasonable in light of the facts and circumstances confronting him and violated Mr. Ellis' constitutional rights.

47. Mr. Ellis's hands were cuffed behind his back, and at no time relevant to this action was Mr. Ellis a threat to the safety of Defendant Daniel or others.

48. Defendant Daniel's actions and use of force, as described herein, was willful, malicious and/or reckless, callous, deliberately indifferent and objectively unreasonable to Mr. Ellis' federally protected rights.

49. Defendant Daniel acted with shocking and willful indifference to Mr. Ellis's rights and his conscious awareness that his actions would cause Mr. Ellis severe physical and emotional injuries were willfully malicious and/or reckless, objectively unreasonable and deliberately indifferent to Mr. Ellis' federally protected constitutional rights.

50. In his official and personal capacities, Defendant Daniel was deliberately indifferent and objectively unreasonable to Mr. Ellis' civil rights by his following of policies and/or procedures that were not best practices, or in the alternative, was deliberately indifferent by his failure to follow best practice policies and/or procedures promulgated and implemented by SPD specifically establishing a duty to exercise reasonable care to preserve the life, health and safety of a person in his care, custody and control.

51. In his official and personal capacities, Defendant Daniel was deliberately indifferent and objectively unreasonable to Mr. Ellis' civil rights by his following of policies and/or procedures that were not best practices, or in the alternative, was deliberately indifferent and objectively unreasonable by his failure to follow best practice policies and/or procedures promulgated and implemented by SPD as to the use of force.

52. As a proximate result of Defendant Daniel's unlawful conduct, in his official and personal capacities, Mr. Ellis has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory, special and punitive damages.

53. As a further result of Defendant Daniel's unlawful conduct, in his official and personal capacities, Mr. Ellis has incurred special damages, including medically related expenses and will continue to incur further medical and other special damages related expenses. Mr. Ellis is therefore entitled to money damages pursuant to 42 U.S.C. §1983 to compensate him for his injuries and for the violations of his Constitutional and civil rights.

54. Mr. Ellis has, and will continue to suffer in the future, lost earnings and impaired earnings capacity. Mr. Ellis is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

55. In addition to compensatory, economic, consequential and special damages, Mr. Ellis is entitled to punitive damages against Defendant Daniel under 42 U.S.C. § 1983, in that his actions were taken maliciously, willfully or with a reckless or wanton disregard of Mr. Ellis' constitutional rights.

### Cause of Action III through IV
### Negligence

Mr. Ellis re-asserts, re-alleges, and incorporates by reference the statements contained in paragraphs 1 through 55 this Complaint, as if those statements were fully articulated within this cause of action.

56. The elements of a negligence cause of action consist of:
    a. a duty owed to the plaintiff,
    b. a breach of that duty by the defendant,
    c. which proximately causes,
    d. plaintiff's damages.

57. A duty exists for a law enforcement officer, a custodian of arrestees and/or detainees and a unit of government to exercise reasonable care to preserve the life, health, and safety of the person in custody.

58. As set forth below, the Defendants' breached their duty to Mr. Ellis proximately causing his injuries and damages.

59. At all times relevant to this action, all Defendants to this claim were acting under the color of law under their authority, and under color of the statutes, ordinances, regulations, policies, customs, and their acts and/or omissions were conducted within the scope of both their official and personal capacities.

60. Any reasonable law enforcement officer or unit of government knew or should have known the obligations set forth in the forgoing paragraphs, as they were clearly established.

61. Defendants are not entitled to qualified immunity for the complained conduct.

### Cause of Action III – Negligent Training and Supervision
### Negligence on Behalf of Defendants City and SPD

Mr. Ellis re-asserts, re-alleges, and incorporates by reference the statements contained in paragraphs 1 through 61 this Complaint, as if those statements were fully articulated within this cause of action.

62. On or before November 14, 2020, and at the time of the complained conduct, Defendants City and SPD were under a duty to promulgate, implement and enforce policies, practices and General Orders for the use and benefit of SPD officers, and to properly train, supervise, investigate and correct the improper actions of SPD officers.

63. Defendants City and SPD, by and through their employees acting in their official capacities were negligent in their failure to promulgate, implement, maintain and/or enforce sufficient policies, procedures and/or training of their employees in the use of force when engaging with arrestees in the care, custody and control of the SPD, and particularly Mr. Ellis.

64. Defendants City and SPD negligently and without regard for the rights of others, and particularly Mr. Ellis, breached their duty to properly train, supervise, investigate and correct the improper actions of their employee police officers, particularly Defendant Daniel, including but not limited to instances of when officers used excessive force when engaging with an arrested individual.

65. Defendants City and SPD's disregard for the rights of others, in particular those of Mr. Ellis, was the direct proximate cause of the substantial injuries he sustained.

66. As a result of Defendants City and SPD's failure to act, Mr. Ellis endured pain and suffering, emotional trauma, extreme humiliation serious physical injury, suffered and will continue to suffer from pain, mental anguish and distress, and was caused economic damages, including

but not limited to expenses for hospital and other medical care, as well as expenses for future medical care.

67. As a result of the foregoing, Mr. Ellis is therefore entitled to money damages to compensate him for his injuries.

### Cause of Action IV
### Negligence on Behalf of Defendant Daniel

Mr. Ellis re-asserts, re-alleges, and incorporates by reference the statements contained in paragraphs 1 through 67 this Complaint, as if those statements were fully articulated within this cause of action.

68. Defendant Daniel, acting in his official and personal capacities, was negligent and breached his duty of care to Mr. Ellis by failing to follow policies and/or procedures designed to protect the health and safety of arrestees, such as Mr. Ellis, in his care, custody and control.

69. Defendant Daniel, acting in his official and personal capacities, was negligent and breached his duty of care to Mr. Ellis by, among other things, failing to comply with all applicable laws, statutes, regulations, training, police standards, police special and general orders regarding the use of force in his treatment and actions toward Mr. Ellis.

70. Defendant Daniel had a duty to not conduct himself in any way which may be construed as immoral, indecent, and/or unprofessional.

71. Defendant Daniel breached these duties owed Mr. Ellis, with such breach being the direct and proximate cause of Mr. Ellis' significant and severe injuries, specifically his broken left clavicle.

72. As a direct and proximate result of Defendant Daniel's negligence, Mr. Ellis endured pain and suffering, emotional trauma, extreme humiliation serious physical injury, suffered and will continue to suffer from pain, mental anguish and distress, and was caused economic

damages, including but not limited to expenses for hospital and other medical care, as well as expenses for future medical care.

73. As a result of the foregoing, Mr. Ellis is therefore entitled to money damages to compensate him for his injuries.

## Causes of Action V
### Assault and Battery as to Defendant Daniel

Mr. Ellis re-asserts, re-alleges, and incorporates by reference the statements contained in paragraphs 1 through 73 this Complaint, as if those statements were fully articulated within this cause of action.

74. The elements of a claim of battery are met when the defendant:

   a. acts intending to cause a harmful or offensive contact with the person of the other or third person, or an imminent apprehension of such contact, and

   b. a harmful contact with the person of the other directly or indirectly results.

75. As set forth below, Defendant Daniel committed battery against Mr. Ellis proximately causing his damages.

76. Mr. Ellis was in fear of imminent bodily harm when Defendant Daniel began swinging him around all while Mr. Ellis was cuffed behind his back.

77. Defendant Daniel engaged in harmful and offensive contact grabbed Mr. Ellis and threw him to the ground.

78. Defendant Daniel intended to cause Mr. Ellis harm when he picked him up and slammed him on the ground.

79. The actions of Defendant Daniel are the direct cause of the injuries described above, specifically Mr. Ellis's broken right clavicle. Mr. Ellis is entitled to special damages which include pain and suffering, future pain and suffering, punitive damages and emotional trauma.

## Cause of Action VI
## Declaratory Relief

Mr. Ellis re-asserts, re-alleges, and incorporates by reference the statements contained in paragraphs 1 through 79 of this complaint, as if those statements were fully articulated within this cause of action.

80. A court may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

81. Mr. Ellis seeks the Court to declare that he has been harmed by the Defendants City and SPD, through their employee's use of excessive force.

82. Mr. Ellis seeks the Court to declare that Defendants City and SPD, by and through their employees, violated his Fourth and Fourteenth Amendment Rights to body integrity, to be free from cruel and unusual punishment and use of excessive force by law enforcement by their failure or refusal to promulgate, implement, maintain, enforce and/or follow policies and procedures intended to prevent the use of excessive force by SPD Officers.

83. Mr. Ellis seeks the Court to declare that Defendant Daniel, acting in his official and personal capacities, violated his Fourth and Fourteenth Amendment Rights to body integrity, to be free from cruel and unusual punishment and use of excessive force by law enforcement by his failure and/or refusal to follow policies and/or procedures designed regarding the use of force when engaging with arrestees.

84. Mr. Ellis seeks the Court to declare that Defendants City and SPD, by and through their employees acting in their official capacities were negligent in their failure to promulgate, implement, maintain and enforce sufficient policies, procedures and/or training of their employees in the use of force when engaging with arrestees.

85. Mr. Ellis seeks the Court to declare that Defendant Daniel, acting in his official and personal capacities, was negligent by failing to follow policies and/or procedures designed to provide guidance in the use of force when dealing with arrestees.

## VI.   GENERAL CAUSATION AND DAMAGES

86. As a direct and proximate result of the foregoing Causes of Action, Mr. Ellis has suffered and continues to suffer irreparable injuries relating to losses of income, property, and wealth and injury to physical and emotional health and general well-being.

87. As a direct and proximate result of the foregoing counts, Mr. Ellis has suffered damages as stated herein, in an amount to be proven at trial, plus an appropriate amount for his emotional pain and suffering, and punitive damages to be determined.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Billy Joe Ellis, prays this Court grant relief against the named Defendants under his claims as asserted above in the following manner including but not limited to:

a. An award of full, fair and adequate compensation for all injuries, damages and losses sustained and for costs herein laid out and expended;

b. An award of punitive damages in an amount sufficient to deter Defendants from the conduct complained of herein;

c. Declaratory relief as sought herein;

d. An award of reasonable attorney's fees incurred as a result of this litigation;

e. Pre and Post Judgment interest, and

f. For all other necessary and proper relief in the premises.

## VIII. **DEMAND FOR JURY**

Comes now Plaintiff, Billy Joe Ellis, by and through the undersigned counsel, and respectfully requests a trial by jury as to all claims asserted herein.

Respectfully Submitted,

Dated: November 8, 2022

*/s/ J. Clayton Culotta*
J. Clayton Culotta, #26733-11
815 E. Market Street
New Albany, IN 47150
Telephone No. (812) 913-8988
Facsimile No. (812) 941-8883
clay@culottalaw.com